UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES KOON<br>    LA. DOC #305523 | CIVIL ACTION NO. 13-2538 |
| VERSUS | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Petitioner James Koon ("Koon") is serving a life sentence after his 1996 conviction for second degree murder. He previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On November 26, 2013, Magistrate Judge Karen L. Hayes issued a Report and Recommendation, recommending that the Court dismiss Koon's Petition as time-barred under 28 U.S.C. § 2244(d). As part of the basis for his Petition, Koon argued that Dr. Steven Hayne was not qualified to testify as an expert witness, but claimed that he did not learn of this evidence until after September 15, 2011. Magistrate Judge Hayes rejected his argument, pointing to 2010 correspondence between Koon and his attorney which appears to demonstrate Koon's actual knowledge of issues with Dr. Haynes' testimony. She also points to the facts that Dr. Hayne's expertise was questioned in an Mississippi Supreme Court opinion in May 2007 and this same issue was raised in a 2006 magazine article. All in all, she recommended that the Court find that Koon should have discovered the issues with Dr. Hayne's testimony well before the fall of 2011.

On January 13, 2014, the Court adopted the Report and Recommendation of the Magistrate Judge and dismissed Koon's Petition with prejudice as time-barred by the provisions

of 28 U.S.C. §2244(d).  The Court granted a certificate of appealability, finding that jurists of reason would find it debatable whether it was correct in its procedural ruling that Koon was not entitled to statutory tolling.

On appeal, in its opinion [Doc. No. 18], the United States Court of Appeals for the Fifth Circuit affirmed the Court, finding that Koon "discovered, or should have discovered, the factual predicate of his claim about Dr. Hayne more than a year before he filed the state habeas petition that would have tolled the limitation period.  Because the limitation period expired before it was tolled, Koon's petition was untimely." *Id.* at p. 3.  The Fifth Circuit's mandate issued on December 4, 2014.

Now, Koon has filed a "Motion under F.R. Civ. P. 60(b) 1-6" [Doc. No. 19].  Under Rule 60(b)(1)-(6),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

A motion under Rule 60(b)(1)-(3) must be made no later than one year after entry of the

2

judgment or order contested. FED. R. CIV. P. 60(c). A motion under Rule 60(b)(4)-(6) must be made within a reasonable time. *Id.*

However, a Rule 60(b) motion may be construed as a second and successive *habeas* petition under 28 U.S.C. § 2254. A Rule 60(b) motion actually asserts a *habeas* claim "when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, . . . or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). "Significantly, . . . there is no new habeas claim 'when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 523 n.4 (2005)).

The timeliness of Koon's original Petition has been fully litigated. This Court found his § 2254 Petition to be time-barred, and that decision was affirmed on appeal to the Fifth Circuit. Koon did not seek further review in the United States Supreme Court. Instead, Koon now argues that this Court was wrong under Supreme Court precedent. Given these parameters, the Court's previous judgment was not "on the merits," and, thus, the Court has jurisdiction to consider Koon's claims. *Id.*; *Turner v. Howerton*, 2007 WL 3082138, *3–4 (11th Cir. 2007) ("Under *Gonzalez*, a legal error may be a 'mistake' within Rule 60(b) when the purported error occurred in a 'previous ruling which precluded a merits determination,' such as a denial based on procedurally barred or unexhausted claims.") (citing *Gonzalez*, 545 U.S. at 532).

Nevertheless, having reviewed Koon's arguments and the case law, the Court finds no basis for relief under Rule 60(b) and no evidence that there was a legal error or mistake in this

3

case. Accordingly,

IT IS ORDERED that Koon's motion [Doc. No. 19] is DENIED.

MONROE, LOUISIANA, this 13th day of November, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE